IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00175-ZLW

VINCENT F. RIVERA, # 518548,

Plaintiff,

v.

US REP. NANCY PELOSI,
JOHN RITTER, Governor of Colorado,
US SEN. WAYNE ALLARD,
COLORADO DEP'T OF CORRECTIONS,
US COMMERCE SEC'Y CLAROS GUTTIERREZ,
SEC'Y FOR HHS, MIKE LEAVITT,
CHEYENNE MTN. US NORAD SPACE COMM.,
US SEN. JOHN KERRY,
US SEN. RON WYDEN, and
HON. ZITA L. WEINSHIENK,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 03 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Vincent F. Rivera, a State of Florida prisoner, filed a *pro se* "Motion to Reinstate the Case & Memorandum of Law," on March 27, 2008. In the Motion, Plaintiff asks that the Court reinstate the instant action. The Court must construe the Motion liberally because Mr. Rivera is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be construed as a Motion to Reconsider and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

The Court dismissed the instant action on May 11, 2007. Mr. Rivera's Motion has been filed well over ten days after the Court's Judgment. The Motion, therefore, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Rivera is subject to 28 U.S.C. § 1915(g) restrictions and is required to pay the $350.00 filing fee in full. The Court dismissed the instant action without prejudice because Mr. Rivera failed to comply with the Court's directive that he pay the fee in full within the time allowed.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Rivera fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court further notes that the claims raised in the Motion to Reconsider are bizarre and seemingly ridiculous. The content of the Motion is the same as the previous pleadings Plaintiff has filed in this case and in the other 245 cases that he has initiated in various federal courts. If Mr. Rivera continues to file

bizarre pleadings in this action, or any other action in this Court, the Court will sanction him beyond the 28 U.S.C. § 1915(g) restrictions to which he currently is subject. Accordingly, it is

ORDERED that the Motion to Reinstate the Case & Memorandum of Law, (Doc. No. 13), filed on March 27, 2008, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. Rule 60(b) and is denied.

DATED at Denver, Colorado, this 2 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00175-ZLW

Vincent F. Rivera
Prisoner No. 518548
Santa Rosa Corr. Institution
5850 East Milton Road
Milton, FL 32583

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4-3-08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk